THORNBURG, Judge.
On 6 January 2003, defendant was indicted on charges of assault with a deadly weapon inflicting serious injury, robbery with a dangerous weapon, conspiracy and being an habitual felon. The conspiracy charge was dismissed by the trial court at the close of the State's evidence upon defendant's motion to dismiss. Defendant was convicted of misdemeanor assault with a deadly weapon and attempted robbery with a dangerous weapon. Defendant subsequently entered a plea of guilty to the status of habitual felon. Defendant appeals.
On 17 September 2002, Darrell Ray Leonard was working as a sales clerk at the Quick 'N Easy convenience store near Ramseur,North Carolina. Sometime around midnight, Leonard noticed two black males walking past the window of the store. Leonard later identified the two men as the defendant and Trent Brewer.
Defendant and Brewer came into the store and approached the counter. Defendant attempted to go behind the counter, but Leonard stepped in front of him. At this point, Brewer started talking to Leonard and Leonard turned around to look at him. Then, out of the corner of his eye, Leonard saw something in defendant's hand moving toward his throat. Leonard put his hand to his throat and was cut by a knife blade. Then, defendant bent Leonard over, held the knife to Leonard's throat and told him to "open the drawer, open the drawer." Leonard did not open the cash register drawer.
Leonard's co-worker, Harold Brown, was in the back room of the store during this encounter. While defendant was demanding that Leonard open the drawer, Brown came out of the back room and into the public area of the store. Leonard told Brown to "just shoot 'em Harold, shoot 'em." The distraction allowed Leonard to escape defendant's grasp, and defendant and Brewer ran out of the store. Brewer fled by car, while defendant fled on foot. Leonard was able to give the police a description of the car and Brewer was apprehended shortly thereafter. Leonard identified defendant in a photo lineup the next day.
Defendant appeals his conviction of misdemeanor assault with a deadly weapon and attempted robbery with a dangerous weapon. Defendant subsequently pled guilty to the status of habitual felon. Defendant was sentenced as a Class C felon for the attemptedrobbery and habitual felon conviction to a term of 168 to 211 months imprisonment, as well as a consecutive term of 150 days imprisonment for the misdemeanor assault conviction.
Defendant's sole argument on appeal is that there was insufficient evidence to sustain the conviction of attempted armed robbery. The indictment charged defendant with attempting to take away "United States currency" from the Quick 'N Easy. Defendant contends that the evidence presented only showed that he demanded that Leonard open the drawer. Defendant argues that the evidence did not show that there was any currency in the drawer. Thus, defendant contends that his statement was too ambiguous to show an intent to take away currency.
After a careful review of the record, briefs and contentions of the parties, we find no error. To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense. State v. Cross, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). "'Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" Id. at 717, 483 S.E.2d at 434 (quoting State v. Olson, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)). In reviewing the sufficiency of the evidence, the trial court must consider such evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor. Cross, 345 N.C. at 717, 483 S.E.2d at 434 (quoting State v. McCullers, 341 N.C. 19, 28-29, 460 S.E.2d 163, 168 (1995)). In the instant case, defendant was charged with attempted robbery with a dangerous weapon. The essential elements of robbery with a dangerous weapon are: "(1) an unlawful taking or an attempt to take personal property from the person or in the presence of another, (2) by use or threatened use of a firearm or other dangerous weapon, (3) whereby the life of a person is endangered or threatened." State v. Call, 349 N.C. 382, 417, 508 S.E.2d 496, 518 (1998)(citing N.C. Gen. Stat. § 14-87; State v. Small, 328 N.C. 175, 400 S.E.2d 413 (1991)). "The two elements of an attempt to commit a crime are: first, the intent to commit the substantive offense; and, second, an overt act done for that purpose which goes beyond mere preparation but falls short of the completed offense." State v. Smith, 300 N.C. 71, 79, 265 S.E.2d 164, 169-70 (1980).
The dispositive issue is whether defendant's actions constituted an attempt to deprive the Quick 'N Easy of currency. Leonard testified that he was standing at the counter where the cash register was located and that defendant held a knife to his throat and yelled at him to open the drawer. Brown testified that defendant was yelling at Leonard to "open the cash register, open the cash register." Although defendant may not have made an explicit demand for the money in the drawer, his demands that Leonard open the drawer were sufficient for a jury to infer that defendant intended to rob the Quick 'N Easy of any currency in the cash register. See State v. Davis, 340 N.C. 1, 13, 455 S.E.2d 627, 633, cert. denied, 516 U.S. 846, 133 L. Ed. 2d 83 (1995) (evidence that defendant drew a pistol and told victim "Buddy, don't even tryit" constituted sufficient evidence of attempted armed robbery even without a demand for money or property). Thus, in the light most favorable to the State, a reasonable mind could conclude from this evidence that defendant attempted to rob the Quick 'N Easy with a dangerous weapon. Cross, 345 N.C. at 717, 483 S.E.2d at 434. Accordingly, we find no error.
No error.
Judges HUDSON and STEELMAN concur.
Report per Rule 30(e).